UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNA KACHNOWSKI,
    Plaintiff,

v.

CAROLYN COLVIN,
Acting Commissioner of the Social Security
Administration,
    Defendant.

No. 3:14cv567 (SRU)

## RULING ON COMMISSIONER'S OBJECTION TO THE RECOMMENDED RULING

Plaintiff Donna Kachnowski appealed the decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits. On April 23, 2015, U.S. Magistrate Judge William I. Garfinkel issued a recommended ruling (the "Recommended Ruling") recommending that the decision of the Commissioner be reversed and the matter remanded for further proceedings. The Commissioner timely filed an objection to portions of the Recommended Ruling on May 7, 2015 (doc. # 19). For the reasons set forth below, the Commissioner's objection is rejected. The Recommended Ruling is adopted and the matter is remanded for further proceedings consistent with the Recommended Ruling.

I. **Background**

The court assumes the parties' familiarity with the underlying facts. A full statement of the relevant facts can be found in Magistrate Judge Garfinkel's Recommended Ruling. *See* Recommended Ruling, *Kachnowski v. Colvin*, 3:14-cv-567 (SRU) (doc. # 18).

**II.     Standard of Review**

"In the face of an objection to a Magistrate Judge's recommended ruling, the [d]istrict [c]ourt makes a *de novo* determination of those portions of the recommended ruling to which an objection is made." *Smith v. Barnhart*, 406 F. Supp. 2d 209, 212 (D. Conn. 2005); *see also Burden v. Astrue*, 588 F. Supp. 2d 269, 271 (D. Conn. 2008).  The court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's recommended ruling.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

A district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Judicial review of the Commissioner's decision is limited.  *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).  It is not the court's function to determine *de novo* whether the claimant was disabled.  *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  Rather, the court must review the record to determine first whether the correct legal standard was applied and then whether the record contains substantial evidence to support the decision of the Commissioner.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

When determining whether the Commissioner's decision is supported by substantial evidence, the court must consider the entire record, examining the evidence from both sides.  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  Substantial evidence need not compel the Commissioner's decision; rather substantial evidence need only be evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged.  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) (internal quotation marks and citations omitted).

"Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotation marks and citation omitted).

## III.    Discussion

The Commissioner objects to Magistrate Judge Garfinkel's Recommended Ruling on the ground that it incorrectly held the ALJ's step five finding to be unsupported by substantial evidence.  The Commissioner asserts that the ALJ's step five finding was supported by the testimony of the Vocational Expert ("VE"), which accurately reflected the limitations contained in the ALJ's Residual Functional Capacity ("RFC") determination.  *See* Objection 1-2.  In support of her position, the Commissioner argues that the limitations contained in the RFC and the limitations given to the VE were "clearly intended to be interchangeable and substantively identical."

Judge Garfinkel correctly determined that the VE was not provided with the particular limitations contained in the ALJ's RFC.  The ALJ's RFC includes a restriction that plaintiff "must have bathroom access within 5-10 minutes of perceived need to use the bathroom" (R. 26).  Judge Garfinkel correctly interpreted this limitation to include a degree of unpredictability and frequency in which that "perceived need" would occur. Recommended Ruling 10.  When examining the VE, the ALJ failed to clarify her hypothetical questions in order to accurately reflect that limitation.

In her first hypothetical, the ALJ asked the VE if there were jobs available for an individual who needed to be "within about five to ten minutes of a restroom, so when they need to use the restroom they must have access within about five to ten minutes in the work facility"

(R. 81-82). While this might be sufficient to establish that plaintiff must have bathroom access within 5-10 minutes of perceived need, the ALJ missed the opportunity to clarify this limitation (R. 82). The VE was appropriately very interested in the frequency with which these breaks would be needed because this would be crucial to his conclusion about the available jobs for this type of person. *Id.* When the VE asked for clarification about how often restroom breaks would be needed, the ALJ responded that the restroom breaks would be solely during "lunch break" and "rest periods," and "not in excess" (R. 82).

The closest the ALJ came to posing a hypothetical that truly expressed the RFC limitation is when she asked the VE if the same jobs would be available to an individual who "needed one extra break a day" (R. 83). This hypothetical comes closer to identifying the RFC limitation. It begins to address the unpredictability of a condition that requires one to have access to a bathroom within 5-10 minutes of perceived need. In response, the VE indicated that there were jobs available for such a hypothetical person, but emphasized the fact that it was "just one extra break" (R. 83). As Judge Garfinkel noted, the VE did not offer any testimony regarding a hypothetical person who needs access to a bathroom within 5-10 minutes of her perceived need at any time during the day, regardless of whether it was during her lunch break, normal rest period, or even her extra break. Recommended Ruling 9-10.

I agree with Judge Garfinkel's conclusion that it was legal error for the ALJ to rely on the VE's answers to her hypotheticals. *See* Recommended Ruling 11 (citing *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 405-06 (W.D.N.Y. 2008)). Because the hypotheticals provided to the VE do not accurately reflect Kachnowski's limitations and capabilities, the ALJ erred in relying on the VE's testimony. *See McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (internal quotation marks and citations omitted). Accordingly, the Commissioner's objection is overruled.

**IV.     Conclusion**

For the foregoing reasons, the Recommended Ruling of April 23, 2015 is APPROVED and ADOPTED.  The decision of the Commissioner is REVERSED and the matter is remanded for further proceedings consistent with the Recommended Ruling.

It is so ordered.

Dated at Bridgeport, Connecticut, this 28th day of September 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge